UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TERRY W. HARGIS                                    CIVIL ACTION NO. 11-cv-0535

VERSUS                                             JUDGE FOOTE

U.S. COMMISSIONER, SOCIAL                          MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

Terry Hargis ("Plaintiff"), a self-represented person, filed this civil action to appeal a decision of the Commissioner to deny benefits. The Scheduling Order (Doc. 4) required Plaintiff to file a brief within 60 days after the Commissioner filed the administrative transcript. The transcript was filed on August 9, 2011, so Plaintiff's brief was due in October 2011.

The court issued an order (Doc. 6) in February 2012 that pointed out Plaintiff's brief was then more than four months past due. The court directed Plaintiff to file a brief, if he was still interested in pursuing the appeal, no later than March 12, 2012. The order warned: "If he does not do so, this case may be dismissed without further notice." The order also described the requirements of a brief and explained the briefing and decision-making process.

The March 12 deadline passed weeks ago. Plaintiff has not filed a brief or anything else in the record in response to the order. In fact, Plaintiff has filed nothing since his complaint, which was based on a form provided by the Clerk of Court and did not assert any particular errors in the Commissioner's decision.

A district court has the inherent authority to dismiss an action, even *sua sponte*, for failure to prosecute, with or without notice to the parties. Link v. Wabash Railroad Co., 82 S.Ct. 1386, 1388-89 (1962); Rogers v. Kroger Co., 669 F.2d 317, 319-20 (5th Cir. 1982). Dismissal is warranted in these circumstances. Under the court's standing order governing social security appeals, the court reviews only those issues that are specifically raised by the plaintiff in a written brief. Plaintiff has not presented any particular issues or demonstrated adequate interest in pursuing the case to warrant the court spending additional time or resources on the matter.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of April, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE